IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-50501
Summary Calendar

MARK SHELTON

Plaintiff-Appellee

V.

RODNEY WISE and SHANNA ELAINE SHELLY

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 07-CV-63

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal from the district court's denial of summary judgment based on qualified immunity. The district court found that summary judgment was not proper because genuine issues of material fact exist as to whether the defendants used excessive force in arresting the plaintiff; for these same reasons, we AFFIRM the district court's ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This appeal arises out of a §1983 action filed by Plaintiff-Appellee Mark Shelton ("Shelton") against Defendants-Appellants Eric Wise ("Wise") and Shanna Elaine Shelly ("Shelly") (collectively "Defendants"), who are both police officers employed by the city of Georgetown, Texas. Shelton alleges that on or about March 6, 2005, Defendants arrived at his residence to execute an arrest warrant for traffic violations. Shelton's roommate allowed Defendants into the house and led them to Shelton's bedroom, where Shelton was lying in bed wearing only his underwear.

Defendants entered Shelton's bedroom and advised Shelton that they were there to talk to him about a warrant. The specifics of what followed are in dispute. Shelton's roommate's deposition indicated that Shelton stated that he would clothe himself and then submit to arrest. Defendants acknowledge that Shelton stated he would put his clothes on and go with the officers, but Defendants also assert that Shelton became aggressive and began yelling profanities. According to Defendants, Shelton then reached for a pile of clothing near his bed. Defendant Wise instructed Shelton to stop, fearing that the pile might contain a weapon. Shelton did not comply with Defendant Wise's order to stop, so Defendant Wise grabbed Shelton's arm. Defendant Wise's deposition stated that Shelton made a fist threateningly and when Defendant Wise released him he began to dig in the pile of clothing again, despite Wise's repeated commands to stop. Wise further testified that he grabbed Shelton's wrist again but that Shelton pulled away and swung at Wise several times. However Shelton's roommate's deposition indicated that Shelton never made a fist or swung at Wise; rather Shelton's roommate stated that Shelton merely repeatedly attempted to pick up his pants and Defendants repeatedly snatched them away.

Wise's deposition testimony describes the situation escalating. Wise testified that he warned Shelton to stop reaching for the clothes and put his

hands behind his back or be pepper-sprayed; however Shelton's roommate testified that Wise never gave these warnings. Wise then pepper-sprayed Shelton a total of three times. Shelton continued reaching for his clothes, and Wise warned Shelton that he would strike him with his baton if he did not stand up. When Shelton did not comply, Wise struck him three or four times with the baton, and Shelly placed a handcuff on Shelton's left wrist. According to Wise's testimony, Shelton then pulled back his arm as if to strike Shelly, so Wise used his baton several more times. Shelly's testimony differed on this point; Shelly states that Shelton merely made a fist. However, according to Shelton's roommate, Shelton made no threatening movements at all, and Shelly merely stood near Shelton holding his arms as Wise continued striking him with the baton. All agree that soon thereafter Shelton complied with Defendants, put on his clothes, and was handcuffed without further incident.

Based on these events, Shelton filed a §1983 claim against Defendants, alleging, inter alia, that Defendants violated his Fourth and Fourteenth Amendment rights by using excessive force in arresting him. Defendants moved for summary judgment based on qualified immunity, but the district court denied Defendants' motion, holding that whether the officers acted reasonably was a disputed issue of material fact because of the conflicting testimony describing the events of the arrest. Defendants then brought this interlocutory appeal.

Defendants argue that the district court erred in finding that factual disputes existed regarding whether Defendants acted reasonably, claiming that the district court improperly analyzed the situation from hindsight rather than from the perspective of a reasonable police officer at the scene. However, Defendants' argument is unavailing. The district court applied the proper standard in evaluating Defendants' qualified immunity claim, asking first whether "plaintiff's allegations, if true, established a constitutional violation,"

and second whether Defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 736, 739 (2002). The district court, relying on Graham v. Connor, 490 U.S. 386, 396 (1989), and Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008), held that whether or not Defendants used excessive force, in violation of Shelton's clearly established constitutional right of which a reasonable person would have known, turned on whether Defendants' actions were reasonable in light of the circumstances of the arrest. Applying this standard, the district court concluded that because Defendants and Shelton's roommate offered contradictory accounts of the incidents of the arrest there existed genuine issues of material fact regarding the reasonableness of the force used against Shelton, and, therefore, summary judgment could not be properly granted. This analysis betrays no legal error and does not impermissibly rely on hindsight evidence; rather, it merely recognizes that the evidence presents conflicting first-hand accounts of the incident. Thus, for essentially the reasons stated by the district court, the district court's denial of summary judgment is AFFIRMED.